**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHARLES E. GROVE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:07-CV-619 JVB |
| | ) |
| STATE OF INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Charles Grove, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the State of Indiana, St. Joseph Superior Court Judge John Marnocha; his criminal defense attorney, Michael Tuszynski; Mishawaka police officers Sergeant Jeffrey J. Giannyzzi, Captain Dan Gebo, Officer Chad Thomas, Corporal Reppert, Sergeant Douglas Bagarus, Sergeant Fox, and Sergeant Dave Ryans; and one South Bend police officer, Lieutenant George Obren violated his federally protected rights. Grove seeks five million dollars in damages; he does not request injunctive or declaratory relief.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED.R.CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston et al.*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment]' to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citation omitted).  Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson*, the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  *Id.* at 2200.  The Court further noted that a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citations omitted). In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Grove brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation.  *West v. Atkins*, 487 U.S. 42 (1988).

Grove alleges that on April 27, 2005, police officers Giannyzzi, Gebo, Thomas, Reppert, Obren, Bagarus, Fox, and Ryans violated the Fourth Amendment's prohibition against unreasonable searches and seizures when they searched his vehicle after they stopped him. Because there is no

2

federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). When reviewing § 1983 actions, "federal courts adopt the forum state's statute of limitations for personal injury claims." *Johnson v. Riviera et al.*, 272 F.3d 519, 521 (7th Cir. 2001). Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues.  I.C. 34-11-2-4; *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2001); *see also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The Clerk of this court received Grove's complaint on December 19, 2007. The "mailbox" rule provides that a prisoner's submission is deemed filed on the date the prisoner deposits it in the prison mail system, and not on the date when it is received by the court. *Ingrahm v. Jones*, 507 F.3d 640, 643 (7th Cir 2007). At the screening stage, this court normally accepts the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. Because Grove signed his complaint on December 14, 2007, the court considers any events occurring before December 14, 2005, as beyond the statute of limitations. The events giving rise to the claims against defendants Giannyzzi, Gebo, Thomas, Reppert, Obren, Bagarus, Fox, and Ryans occurred before December 14, 2005.  Accordingly, Grove's claims against these defendants are barred by the statute of limitations.

Grove also alleges that during a criminal trial in 2007, his attorney Michael Tuszynski was

3

ineffective by failing to object to inadmissible hearsay evidence and by not moving to suppress evidence in violation of the Constitution's Sixth and Fourteenth Amendments. This claim is within the statute of limitations, but as a criminal defense attorney, Tuszynski is not a proper defendant in a §1983 action.  If the defendant did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The United States Supreme Court defines the phrase acting "under color of [state] law" as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961), *overruled in part on other grounds by Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663 (1978) (citations omitted). Attorneys, even public defenders representing criminal defendants in state court, do not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981).

Grove also alleges that St. Joseph Superior Court Judge John Marnocha violated his Fifth, Sixth, and Fourteenth Amendment rights at his criminal trial. Grove asserts that Judge Marnocha was not impartial because he allowed the prosecutor to use inadmissible testimony and evidence that should have been suppressed.

Grove's claims against Judge Marnocha are also within the statute of limitations. But Judge Marnocha is entitled to absolute judicial immunity if his actions meet a two-part test.  First, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity.  Grove alleges that Judge Marnocha allowed the prosecutor to use inadmissible testimony and evidence that should have been suppressed.  Judge Marnocha had jurisdiction to preside over Grove's criminal trial and to make evidentiary rulings on evidence and trial testimony. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the

4

acts are those normally performed by a judge). Accordingly, Judge Marnocha is entitled to judicial immunity against Grove's damage claims.

Moreover, if, as here, the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). This court may not award Grove damages for being improperly convicted by inadmissible evidence and testimony without concluding that he was improperly convicted. Accordingly, *Heck* requires that Grove first obtain a finding or judgment setting aside his conviction before he may seek damages for being wrongfully convicted.

Finally, Grove seeks damages from the State of Indiana. But his claim against the State is barred by the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Id.* A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES this complaint and DIRECTS the Clerk to close this case.

SO ORDERED on March 20, 2008.

                                                s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION